# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT A. PRITCHARD MARITAL TRUST, ET AL. | § § § | PLAINTIFFS |
| v. | § § | CAUSE NO. 1:08CV305 LG-RHW |
| METLIFE INVESTORS INS. CO. | § | DEFENDANT |

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion [37] for Summary Judgment filed by Defendant MetLife Investors Insurance Company. The Plaintiffs, Robert A. Pritchard Marital Trust and Robert A. Pritchard Revocable Living Trust, filed a response in opposition, and MetLife replied. After due consideration of the submissions and the relevant law, it is the Court's opinion that MetLife has shown there is no question of material fact for the jury. The Motion will therefore be granted.

### DISCUSSION

The Plaintiffs brought this suit complaining that Metlife paid out the proceeds of an annuity owned by one of the Plaintiffs, the Robert A. Pritchard Revocable Living Trust, to persons who were no longer the designated beneficiaries. The parties agree that Robert Pritchard purchased the annuity through MetLife agent Jon Reynolds in February 2006, to be held by the Living Trust. At the time of the purchase, Pritchard designated his four children as the beneficiaries of the annuity. The purchase was part of Pritchard's final estate planning, as his cancer had reemerged. Ct. R. 41-2 p. 8. Slightly more than three months later, on May 21, 2006, Pritchard died.

Approximately one month after his death, MetLife received an "Amendment of

Application" form, dated May 20, 2006, changing the beneficiary to the Living Trust. MetLife examined the form and concluded first that it was not signed by the owner of the annuity - i.e., the Trust -and second, the signature did not match Pritchard's signature on file. Ct. R. 37-8 p. 3.[1]

Reynolds's signature also appears on the Amendment form as witness. He met with Pritchard the evening before his death to obtain signatures on some documents lost during Hurricane Katrina, but Reynolds testified: "I don't recall signing [the Amendment of Application form], and I don't recall dating that. I don't recall [Pritchard] signing that. But like I said, I will go back through my files." Ct. R. 37-4 p. 10. When asked again if that was his handwriting on the form, Reynolds stated, "I don't know." *Id.* Reynolds did not recall Pritchard ever indicating he wanted to change the beneficiary of the annuity:

> Q. On that evening when you were with Mr. Pritchard, which was May the 20th, 2006, did he at any time ask you to change any beneficiaries on any annuities?
> A. No.
> Q. Do you believe - - did he say anything to you to lead you to believe that he had an intent to change any of the beneficiaries on his annuities?

---

[1] Pritchard's signature as it appeared on the initial Application:



Pritchard's signature as it appeared on the Amendment:



> A. No.
> Q. Did it come up in any way?
> A. Not that I recall.
>
> . . .
>
> Q. In all the meetings that you had with Mr. Pritchard from February, I guess, of 2006 up until the date of his death, which was approximately three months, on May the 21st of 2006, did he ever indicate any intent to change the beneficiary of the $100,000 annuity, which was Number 1101172601, from the beneficiary being the four children to changing that beneficiary to the revocable trust?
> A. Not that I recall.
>
> . . .
>
> Q. And I'm also correct that you've testified that you don't recall submitting any documents to MetLife that would change the beneficiaries of the $100,000 annuity that we've been discussing?
> A. No, ma'am.

Ct. R. 37-3 p. 9, 12; 37-4 p. 11.

Pritchard's wife and daughter were both present while Reynolds visited with Pritchard on May 20. Neither recalled any discussion regarding changing beneficiaries of a MetLife annuity. Ct. R. 37-12 p. 8; Ct. R. 37-6 p. 8-9. Neither mailed the Amendment form to MetLife. Ct. R. 37-12 p. 11; Ct. R. 37-6 p. 9.

Because of the irregularities noted in the signature on the Amendment form, MetLife did not make the change in beneficiary requested. Thus, when the four original beneficiaries submitted claim forms, MetLife paid the death benefits to those four persons. Ct. R. 37-8 p. 3-4.

The Plaintiffs bring claims of breach of contract, breach of fiduciary duty and the duty of good faith and fair dealing, and negligence against MetLife. MetLife contends it is entitled to judgment as a matter of law as to each of these claims because there is no evidence that Pritchard

signed the Amendment form, and even if he did, he did not have authority to make a change in beneficiary - that authority belonged exclusively to the Living Trust.

The Legal Standard:

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). When the Court considers a request for summary judgment, it views all facts and evidence in the light most favorable to the non-movant. *United Fire & Cas. Co. v. Hixson Bros*., 453 F.3d 283, 285 (5th Cir. 2006). However, to avoid summary judgment, the non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial. *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006).

Breach of Contract, Negligence and Breach of Good Faith and Fair Dealing:

MetLife contends that the Amendment form fails to meet the contractual requirements to effectuate a change in beneficiary. Specifically, under the terms of the annuity, the "Owner" had the right to change beneficiaries, and Pritchard had designated the "Owner" as the Robert A. Pritchard Revocable Living Trust. Assuming that Pritchard executed the Amendment form, he did not sign in a representative capacity for the Living Trust, but as an individual. Therefore, MetLife argues that Pritchard had not effected a change in the beneficiary designation, and it properly paid out death benefits to the originally designated beneficiaries. The Plaintiffs contend that MetLife's action was negligent and breached the annuity contract, including the implied

covenant of good faith and fair dealing.

The facts of this case are similar to the early Mississippi case of *Sovereign Camp, W.O.W. v. Valentine*, 155 So. 192 (Miss. 1934). There, an insured became ill and wished to change the beneficiary of his insurance policy from his daughter to his new wife. As he was too ill to write, he dictated a note to that effect to his wife, who wrote and signed the note for him. *Id*. at 193. Four other people were in the room when this took place, but no one signed the note as witness. *Id*. However, one of them, an agent of Sovereign Camp, wrote a separate note requesting that the beneficiary change be made. The "constitution and laws" of the insurance "camp" required a written request, "properly witnessed" to change the beneficiary of a policy. *Id.* at 194. When the home office received the request, they compared the signature to the insured's signature on file. *Id*. at 195. Finding them different, the home office "had nothing whatever before it to show that it was in fact [the insured's] request and not a forgery." *Id*. This was so even though there was a separate note from an agent requesting the change. "So, when [the insured] died there had been neither a literal nor a substantial compliance with appellant's constitution and by-laws with reference to change of beneficiary. Of course, nothing could have been done after his death to bring about a change." *Id.*

In this case, there is a witness signature on the request to change beneficiary, but the purported witness, Jon Reynolds, denies knowledge of the Amendment form, recalling neither Pritchard's signature nor his own. Ct. R. 37-4 p. 10. Further, according to the summary judgment evidence, Pritchard's signature on the Amendment form plainly appears different from his signature three months earlier. The Plaintiffs argue that Pritchard's poor health affected the appearance of his signature, and had MetLife investigated, it would have discovered this. This

contention is unsupported by any evidence. Even though several witnesses testified that Reynolds had Pritchard sign numerous documents on the night prior to his death, none have been produced by the Plaintiffs for purposes of comparison. Moreover, without explanation, the Amendment form itself seems to have simply appeared in the mail one month after Pritchard's death. No witness has come forward, nor has any evidence been identified which accounts for the how, or by whom the suspect Amendment was mailed to MetLife.

In the Court's opinion, the Amendment form does not comport with the requirements of the annuity contract, as it does not indicate that it is signed by an individual as representative of the "Owner" - the Living Trust. Further, given the dissimilarities in the signatures noted above, MetLife reasonably questioned the authenticity of the signature on the Amendment form. As the form was received after Pritchard's death, nothing could be done to correct these defects. Thus, the attempt to change the beneficiary was ineffective, and MetLife properly refused to record the Amendment. The Plaintiffs have come forward with no evidence that Pritchard as an individual ever expressed an intent to change the beneficiary of the annuity, nor have they provided evidence that the Living Trust intended or attempted to effectuate a change. Accordingly, due to the lack of evidence tending to show a genuine issue of material fact, Plaintiffs' breach of contract, negligence, and breach of good faith and fair dealing claims fail as a matter of law.

Breach of Fiduciary Duty:

Under Mississippi law, there is no fiduciary relationship or duty between an insurance company and its insured because it is viewed as an "ordinary contractual agreement." *Allstate Life Ins. Co. v. Parnell*, 292 Fed. Appx. 264, 270 (5th Cir. 2008). Although in certain circumstances a fiduciary relationship can arise in the insurance contract context, *id.*, no special

factors are alleged by the Plaintiffs in this case. Thus, the Court finds no question of material fact for the jury in regard to the breach of fiduciary duty claim. MetLife is therefore entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [37] for Summary Judgment, filed by Defendant MetLife Investors Insurance Company, is **GRANTED**. Plaintiffs' claims against the Defendant are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 25th day of August, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE